UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CAROLYN NAVARRETE, ET AL                       CIVIL ACTION

VERSUS                                         NO. 07-4865

GENERAL INSURANCE COMPANY                      SECTION  N (4)
OF AMERICA

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss Complaint (Rec. Doc.4).  For the reasons below, Defendant's motion is **DENIED**.

I.      BACKGROUND FACTS

This dispute arises from an insurance claim made by Juan and Carolyn Navarrete ("the Navarretes") against General Insurance Company of America ("GICA") for property damage that occurred during Hurricane Katrina.  At the time of the storm, the Navarretes had taken a mortgage on several properties in New Orleans with Colonial Mortgage & Loan Corp. ("Colonial").  To protect the loan, Colonial ordered insurance coverage for the properties, and the policy lists Colonial as the insured party.  The Navarretes are not listed as insureds under the policy.  The parties dispute who paid the premiums for the policy - the Navarretes assert that they paid the premiums, while GICA argues that Colonial paid the premiums.

When Hurricane Katrina hit, the Navarretes' properties suffered damage.  GICA paid

approximately $25,000 to Colonial for damage to two of the properties, which was forwarded to the Navarretes.  The Navarretes filed suit because they felt this amount was insufficient and because coverage had been denied on another damaged property, where GICA alleged a policy exclusion.

GICA filed this motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted. GICA argues that the Navarretes do not have standing to sue because they were not a party to the insurance contract at issue.

## II.   LEGAL STANDARD

Motions to dismiss for lack of standing are properly brought under Fed.R.Civ.P. 12(b)(1). *See Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 493-94 (5th Cir. 2005).  Because the defendant has moved for dismissal for failure to state a claim in addition to a lack of jurisdiction, the Court will assume jurisdiction and decide the motion on the merits under a 12(b)(6) standard.  *See Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004).[1]  A motion to dismiss for failure to state a claim upon which relief can be granted "is viewed with disfavor and is rarely granted."  *See e.g., Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161,164 (5th Cir. 1999).  The Fifth Circuit has characterized this inquiry as one where, "[t]he question...is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Id.* (*quoting* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §

---

[1] "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a...cause of action, the proper course of action for the district court...is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under Rule 12(b)(6) or Rule 56." (*quoting Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)

1357 at 601 (1969).

### III.    ANALYSIS

Absent a contrary statutory provision, Louisiana law does not permit an action ex contractu to be brought against a party by an individual who is not party to the contract.  *See, e.g., Randall v. Lloyd's Underwriters*, 602 So.2d 790,791 (La.App. 4 Cir. 1992).  The Louisiana Civil Code recognizes third party beneficiary contracts[2], providing: "A contracting party may stipulate a benefit for a third person called a third person beneficiary."  La. Civ. Code art. 1978.  "Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement."  *Id.*  In order to prevail on a claim to be a third party beneficiary, the party making the claim, in this case the plaintiffs, bears the burden of proving the stipulation *pour autrui*.  La. Civ.Code art. 1831.

There are three criteria for determining whether contracting parties have provided such a benefit for a third party: (1) the stipulation for the third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.  *Joseph v. Hosp. Serv. Dist. No.2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006).  Applying these three criteria, this Court finds that a valid stipulation *pour autrui* exists.

### 1.    Manifestly Clear Stipulation

The Louisiana Supreme Court's first criterion is that "the contract manifest a clear intention to benefit the third party."  *Id.*  The insurance contract at issue here provides the

---

[2] These third party benefit contracts are commonly referred to in Louisiana as a "stipulation *pour autrui*."  *Joseph v. Hosp. Serv. Dist. No.2 of Parish of St. Mary*, 939 So.2d 1206, 1211 (La. 2006).

following:

> We [the Insurance company] will provide the insurance described in this policy in return for the premium and compliance by you [the lender] and the **"borrower"** with all applicable provisions of the policy."  Exhibit A4 page 1 (emphasis added).
> "We will adjust all losses with you [the lender].  We will pay you but in no event more than the amount of your interest in the insured location.  **Amounts payable in excess of your interest will be paid to the "borrower"**...We will adjust all losses with the 'borrower'.  Exhibit A4 page 10, clause 15 (emphasis added).

These two provisions make clear that there is an intent to provide a benefit to the Navarretes in exchange for the payment of premiums and compliance with the policy provisions.  To the extent that the parties dispute who paid the premiums on the policy, the Court resolves the issue in the plaintiff's favor for the purpose of defendant's Motion to Dismiss.  The plain words of the contract show that the borrower (i.e., the Navarretes) is to receive any proceeds in excess of Colonial's interest in the property as mortgagor.  Thus, plaintiff has met its burden with regard to the first criterion.

## 2.      Certainty as to the Benefit Provided

The second criteria that the Louisiana Supreme Court set out in *Joseph* is that there must be certainty as to the benefit provided to the third party.  939 So.2d at 1212.  Defining this criterion as a corollary to the first, the court explained, "[t]o create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary."  *Id.* (quoting *Berry v. Berry*, 371 So.2d 1346, 1347 (La.App. 1 Cir. 1979).  Where a contract provides for payment to a party upon an occurrence, it can safely be said that there is certainty of a benefit when the condition set forth is satisfied.  Indeed, in this case, money paid by GICA to Colonial was forwarded to the Navarretes.  This actual payment satisfies the Court that requisite certainty has been established for the second criterion.

**3.**     **Incidental Benefit**

The third *Joseph* criterion for determining whether an enforceable stipulation *pour autrui* has been created is whether the benefit to the third party is merely incidental to the contract.  939 So.2d at 1212.  In *Joseph*, the court first noted that not every promise which might confer a benefit on a third party also necessarily creates an actionable right for that party.  *Id.* at 1212-13 (quoting J. Denson Smith, *Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui*, 11 Tul.L.Rev. 18, 28 (1936)).  The court used two cases to demonstrate instances where a benefit would be found to be too incremental to constitute a valid stipulation *pour autrui*.  In *City of Shreveport v. Gulf Oil Corp.*, 431 F.Supp 1 (W.D.La. 1975), the city brought an action against an oil company alleging that the oil company failed to provide gasoline to the city as required by a contract between the oil company and the State of Louisiana.  The court found that any benefit of the contract would be merely incidental to the City because 1) the contract was not made to discharge any obligation by the State to the City; 2) conferring a benefit upon the City would operate to the detriment of the State; and 3) there was no evidence that a benefit to the City was contemplated either by the contract or any other circumstances.  *Id.*  Similarly, in *Allen & Currey Mfg. Co. v. Shreveport Waterworks*, 37 So. 980 (La. 1905) the Court held that a landowner could not recover pursuant to a water company's  contract with the city to maintain the fire hydrants after his building was destroyed by fire, because the individual benefit was only incidental.

In evaluating the third criterion for a stipulation *pour autrui*, the Court in *Joseph* noted that "[t]he problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident between the parties."  *Joseph*, 939 So.2d 1212-13 (quoting Smith, *supra*, 11 Tul.L.Rev. 18, 28).  In this case, the benefit relied upon is

stipulated in the insurance policy and therefore a condition of the contract.  Accordingly, it is distinguishable both from *Gulf Oil* and *Allen & Currey*, as well as the cases that GICA cites in its memorandum.

## IV.    CONCLUSION

For these reasons, **IT IS ORDERED** that **Defendant's Motion to Dismiss Complaint (Rec. Doc.4)** is **DENIED**.

New Orleans, Louisiana this 6th day of March 2008.

**KURT D. ENGELHARDT**
**United States District Judge**