# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| CAROLYN NAVARRETE, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-4865 |
| GENERAL INSURANCE COMPANY OF AMERICA | SECTION: "N" (4) |

## ORDER

Before the Court is a **Motion To Compel Discovery Responses and for Attorneys' Fees and Costs (R. Doc. 43)** filed by the Plaintiffs, Carolyn Navarrete wife of/and Juan Navarrete, Thalia Street Investments, Inc. and 1200 Constance St. Corporation Inc. (collectively, "the Navarretes"), seeking an Order from this Court compelling the Defendant, General Insurance Company of America ("GICA") to respond to the Interrogatories and Requests for Production of Documents which were propounded on January 12, 2009. The Navarretes also seek an award of reasonable attorneys' fees and costs incurred in bringing the subject motion. The motion was heard without oral argument on Wednesday, March 11, 2009.

Rule 37.1E provides that "[n]o motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." L.R. 37.1E.

In the Rule 37.1E Certificate, counsel for the Navarretes certifies that she conducted a discovery conference with counsel for GICA on February 17, 2009 in an effort to amicably resolve

the instant dispute. (R. Doc. 43-5, p. 1.) (*See also* R. Doc. 43-4, Ltr. From Martha Y. Curtis, Feb. 13, 2009.) (scheduling said conference). According to counsel for the Navarretes, during the conference, counsel for GICA informed her that he would provide responses "that same day or the next day." (R. Doc. 9-3, p. 1.) However, to date, no responses have been received.

The Court first notes that the subject discovery requests were propounded on January 12, 2009. (R. Doc. 43-3, Ex. A. Interrogs. To General Ins. Co. of Amer. of Jan. 12, 2009; R. Doc. 43-3, p. 10, Ex. B, Req for Produc. of Docs. To General Ins. Co. of Amer. of Jan. 12, 2009. *See also* R. Doc. 43-4, p. 2, Ex. D. Cover Ltr. From Martha Y. Curtis, Jan. 12, 2009.) Thus, GICA's responses were due no later than February 11, 2009. Yet, as of the filing of the subject motion, GICA has failed to respond. Therefore, GICA is ordered to respond no later than seven (7) days from the signing of this Order.

Under Local Rule 7.5E, any opposition memorandum is due eight (8) days prior to the hearing. GICA did not file a memorandum in opposition, nor request for an extension of time within which to oppose the motion. Accordingly, after concluding that the motion has merit,

**IT IS ORDERED** that Carolyn Navarrete wife of/and Juan Navarrete, Thalia Street Investments, Inc. and 1200 Constance St. Corporation Inc.'s **Motion To Compel Discovery Responses and for Attorneys' Fees and Costs (R. Doc. 43)** is hereby **GRANTED AS UNOPPOSED**.

**IT IS FURTHER ORDERED** that GICA provide full and complete responses to the Navarretes Interrogatories and Requests for Production of Documents no later than **seven (7) days** from the signing of this Order. The Navarettes are also awarded the fees and costs incurred in bringing the motion.

**IT IS FURTHER ORDERED** that the Navarretes shall file a motion to fix attorney's fees

into the record by **Wednesday, April 29, 2009**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, May 6, 2009.** The Navarretes shall notice the motion to fix attorney's fees for hearing on **Wednesday, May 13, 2009** and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 21st day of April 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**