# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN NAVARRETE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:**    **07-4865** |
| **GENERAL INSURANCE COMPANY OF AMERICA** | **SECTION: "N" (4)** |

## ORDER

Before the Court is a **Motion To Compel Depositions and For Attorneys' Fees and Costs (R. Doc. 51)** filed by the Plaintiffs, Carolyn Navarrete, wife of/and Juan Navarrete, Thalia Street Investments, Inc., and 1200 Constance St. Corporation, Inc. (collectively the "Navarretes"), seeking an Order from this Court compelling the Defendant, General Insurance Company of America ("GICA"), to produce: (1) Josie Mayes; (2) GICA's 30(b)(6) designee if it is not Josie Mayes; and (3) other witnesses GICA plans to call at trial for depositions. GICA opposes the motion. The motion was heard with oral argument on Wednesday, March 25, 2009.

## I.    Background

On August 28, 2007, the Navarretes filed the instant contract action against GICA based on GICA's purported failure to pay for losses sustained during Hurricane Katrina, pursuant to the Navarretes's insurance policy. (R. Doc. 1.) The Navarretes own three properties–939-41 Thalia Street/1244-46 Constance Street, 1000-02-04 Thalia Street and 1006-08 Thalia Street–all located in New Orleans, Louisiana. (R. Doc. 1.) They mortgaged the properties to Colonial Mortgage & Loan Group ("Colonial"), and Colonial subsequently ordered insurance coverage for the properties

through GICA. (R. Doc. 1.) According to the Navarretes, the policy limits and terms were as follows: a $30,000 limit for the 939-41 Thalia Street/1244-46 Constance Street property, effective from January 22, 2005 to January 22, 2006; a $112,450 limit for the 1000-02-04 Thalia Street property, effective from March 20, 2005 to March 20, 2006; and a $40,000 limit for the 1006-08 Thalia Street property, effective from January 22, 2005 to January 22, 2006. (R. Doc. 1.)

The Navarretes allege that, on or about August 29, 2005, the properties sustained substantial damage as a result of Hurricane Katrina.[1] (R. Doc. 1.) They further maintain that the properties were insured by GICA at the time. (R. Doc. 1.) The Navarretes also insist that they paid the premium, abided by the contract terms, and timely notified GICA of their damage claims. (R. Doc. 1). Notwithstanding their alleged compliance with the policy terms, the Navarretes maintain that GICA refused to tender the full amount owed. (R. Doc. 1.)

The Navarretes instituted this action against GICA, alleging: (1) bad faith breach of contract pursuant to Louisiana Civil Code Article 1997; (2) failure to initiate loss adjustment within 30 days, as required by Louisiana Revised Statute § 22:658; and (3) breach of the duty of good faith and fair dealing and the affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims, pursuant to Louisiana Revised Statute § 22: 1220. (R. Doc. 1.) The Navarretes also claim that they experienced "substantial damages" based on GICA's failure to pay, including: delay of repairs, loss of use of funds, financial damage, attorneys' fees, and other damages. (R. Doc. 1.) Accordingly, the Navarretes seek the full sum of all amounts due with interest, statutory penalties, and additional damages.

During the course of discovery, on January 12, 2009, the Navarretes sent GICA a draft Rule

---

[1] The Navarretes specifically allege the following: the 939-41 Thalia Street/1244-46 Constance Street property sustained at least $30,000 in damages; the 1000-02-04 Thalia Street property sustained at least $50,000 in damages or up to the policy limit of $112,450; and the 1006-08 Thalia Street property sustained at least $30,000 or up to the policy limit of $40,000.

30(b)(6) Notice of Deposition. (R. Doc. 51-3, Exs. F and G, Draft Notice of Depo. of General Insurance Company of America Pursuant to Federal Rules of Civil Procedure 30(b)(5) & 30(b)(6), Jan. 12, 2009.) According to the Navarretes, they sent the draft Notice in an effort to assist GICA in its selection of a corporate representative. (R. Doc. 51-2, pp. 1-2.) The Navarretes further note that they requested available dates for the corporate representative's deposition on January 16, 2009 and February 27, 2009, respectively. (R. Doc. 51-2, p. 2.) GICA's failure to respond prompted the Navarretes to file the instant motion.

In the subject motion, the Navarretes seek to depose Josie Mayes ("Mayes"), an adjuster who inspected some of the Navarretes' properties and is listed on their witness list. (R. Doc. 51-2, p. 4.) They seek to depose Mayes to ascertain the extent of her knowledge regarding the insurance coverage on their properties. (R. Doc. 51-2, p. 4.) The Navarretes also argue that they are entitled to depose GICA's corporate representative, as well as other witnesses GIGA plans to call at trial. (R. Doc. 51-2, p. 4.)

GICA contends that any delay in scheduling the depositions resulted from the parties first attempting to seek an amicable resolution. (R. Doc. 52, p. 1.) It further clarifies that, although Josie Mayes first adjusted the claim on the 939-41 Thalia Street property, she is no longer an employee of GICA. (R. Doc. 52, p. 1.) Accordingly, GICA claims that it is attempting to secure her availability for a deposition, and it maintains that, if Ms. Mayes cannot be located or deposed, GICA will appoint a different 30(b)(6) representative to testify. (R. Doc. 52, p. 1.)

GICA also notes that Steve Vietti–the individual who reinspected the 939-41 Thalia Street property and inspected the 1000-02-04 property–currently resides in St. Louis, Missouri. GICA claims that is attempting to make arrangements for Mr. Vietti to travel to New Orleans for a deposition. Therefore, they urge the Court to deny the motion.

## II.     Standard of Review

### A.     Scope of Discovery

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED.R.CIV.P. 26(b)(2)(c).  In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### B.     Depositions

A party may depose any person, including a party, without leave of court except as provided

in Rule 30(a)(2).  FED.R.CIV.P. 30(a)(1).  Under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have not stipulated to the deposition.  FED.R.CIV.P. 30(a)(2)(A).  A party who wishes to depose a person by oral questions must give reasonable written notice to every other party.  FED.R.CIV.P. 30(b)(1).  The notice must state the time and place of the deposition and, if known, the deponent's name and address.  *Id.*  If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.  *Id.*

A party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity in its notice or subpoena and must describe with reasonable particularity the matters for examination.  FED.R.CIV.P. 30(b)(6).  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.  *Id.*  Further, a subpoena must advise a nonparty organization of its duty to make this designation.  *Id.*  The persons designated must testify about information known or reasonably available to the organization.  *Id.*

## III.    Analysis

The Navarretes seek to depose: (1) Josie Mayes, an adjuster who inspected some of their properties; (2) GICA's 30(b)(6) designee, if it is not Josie Mayes; and (3) other witnesses GICA plans to call at trial for depositions.  Juan Navarette allegedly overhead Ms. Mayes stating to another person that the Navarretes did not have coverage on their 1000-02-04 Thalia St. property.  Therefore, the Navarretes seek to depose her to ascertain the extent of her knowledge and to seek clarification regarding the facts and circumstances underlying her statement.  They also argue that

they are entitled to depose GICA's corporate representative and other witnesses that GICA intends to call at trial.

GICA contends that any delay in scheduling the depositions resulted from the parties first attempting to seek an amicable resolution. It insists that it is willing and has been available to schedule any deposition desired by the Navarretes. It further clarifies that, although Josie Mayes first adjusted the claim on the 939-41 Thalia Street property, she is no longer an employee of GICA. Accordingly, GICA claims that it is attempting to secure her availability for a deposition, and it maintains that, if Ms. Mayes cannot be located or deposed, GICA will appoint a different 30(b)(6) representative to testify.

GICA also notes that Steve Vietti ("Vietti")–the individual who reinspected the 939-41 Thalia Street property and inspected the 1000-02-04 property–currently resides in St. Louis, Missouri. GICA claims that is attempting to make arrangements for Mr. Vietti to travel to New Orleans for a deposition. GICA argues that "nothing has prohibited [the Navarretes] from setting the depositions of any other testifying witnesses that GICA has identified. Therefore, they urge the Court to deny the motion to compel depositions and the associated motion for attorney's fees.

During the oral hearing, the Court asked counsel for GICA to confirm the whereabouts of Steve Vietti. Counsel for GICA indicated that Vietti is in Seattle now, in the field. The Court then instructed counsel to produce Vietti for a deposition no later than April 15, 2009.

The Court also inquired about the location and employment status of Josie Mayes. Counsel for GICA explained that he had been unable to locate Ms. Mayes. He also indicated that she is no longer a GICA employee. The Court reminded counsel that since GICA listed Mayes as its employee, it must produce her for a deposition. Accordingly, the Court ordered GICA to provide

counsel for the Navarretes with Mayes's last known address. To the extent that GICA has failed to produce the required information as previously ordered, it must do so no later than five days from the issuance of this Order.

During the hearing, the undersigned also awarded the Navarretes fees and costs and instructed counsel for the Navarretes to submit a fee application. Counsel complied and submitted its fee application via Supplemental Memorandum on April 2, 2009. (*See* R. Docs.59, 63, and 64.) GICA shall file any opposition to the Motion or Attorney's Fees and Costs (R. Doc. 64) no later than Tuesday, May 12, 2009.

## IV.    Conclusion

**IT IS ORDERED** that Carolyn Navarrete wife of/and Juan Navarrete, Thalia Street Investments, Inc. and 1200 Constance St. Corporation Inc.'s **Motion To Compel Depositions and For Attorneys' Fees and Costs (R. Doc. 51)** is hereby **GRANTED** as set forth herein**.**

**IT IS FURTHER ORDERED** that General Insurance Company of America shall file any opposition to the Navarretes' Motion For Attorneys' Fees and Costs (R. Doc. 64), **no later than Tuesday, May 12, 2009.**

New Orleans, Louisiana, this 4th day of May 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**