UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLYN NAVARRETE, et al.                          CIVIL ACTION

VERSUS                                             NO. 07-4865

GENERAL INSURANCE COMPANY OF AMERICA               SECTION "N" (4)

# O R D E R and R E A S O N S

Before the Court are a number of motions in limine, all of which are opposed. After considering the memoranda and the applicable law, the Court rules as set forth herein.

**A. Motion to Exclude Testimony of Steve Vietti (Rec. Doc. 88)**

Plaintiff moves to exclude the testimony of Defendant's expert, Steve Vietti, on grounds that Vietti's expert report has not been timely produced to Plaintiffs as required under the scheduling order. Vietti is listed as both a fact and expert witness in the pre-trial order, but the only report produced by the witness is his estimate of damages to the roof 1000-02-04 Thalia Street. The motion is granted to the extent that Vietti will be precluded from testifying at trial as an expert on causation. He can testify as a fact witness as to the extent of the damage he personally witnessed and his estimate of the cost of repairing that damage, but he will be precluded from testifying as to the cause of the damage he witnessed. Further, his report itself is inadmissible hearsay and will be excluded.

**B. Motion to Exclude Plaintiffs' Tax Returns (Rec. Doc. 89)**

Plaintiffs seek the exclusion of their 2005-06 tax returns on relevancy grounds. On the showing made, the Court cannot adequately consider the admissibility of this evidence outside of specific factual contexts and accordingly to this extent the motion is referred to trial.

**C. Motion to Exclude John Cordero and Ivan Mandich (Rec. Doc. 92)**

Defendant moves to exclude the testimony of Plaintiffs' two causation experts, John Cordero and Ivan Mandich, on grounds that Mandich's expert report was untimely filed and that both reports are unreliable and irrelevant within the meaning of Rules 702 and 401. Defendant argues that these reports were prepared not for the properties at issue here (939-41 and 1000-02-04 Thalia Street) but for a separate property at 1246 Constance Street, and as such the conclusions drawn in them are not reliable.

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer

review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004); *see Runnels v. Tex. Children's Hosp. Select Plan*, 167 Fed.Appx. 377, 381 (5th Cir. 2006) ("[A] trial judge has 'considerable leeway' in determining 'how to test an expert's reliability.'" (citing *Kumho Tire*, 526 U.S. at 152)). With respect to the determination of relevancy pursuant to Rule 702 and *Daubert*, the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

In this case, the Court's preliminary assessment is that Cordero's testimony is reliable and may assist the trier of fact. While the report was prepared for litigation over another property, the properties at issue here are both within one block of 1246 Constance Street. Cordero's analysis was of meteorological conditions in the neighborhood and was not specific to 1246 Constance Street. To the extent that he will testify solely as to meteorological conditions during Katrina his testimony is applicable and relevant to the properties at issue, given their proximity. To the extent his testimony may not be applicable to the properties at issue or is only applicable to 1246 Constance Street, Defendant can object on relevancy grounds and can cross-examine Cordero vigorously. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination,

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). The Cordero report was also timely produced to Defendant so there is no prejudice in that regard. The report itself, however, is inadmissible hearsay and will be excluded.

The Court reaches a different conclusion as to Mandich's testimony, however. Mandich's report is almost solely concerned with the extent of damages at 1246 Constance Street and so is not reliable as to conditions at the properties at issue here and not relevant to the instant dispute. To the extent the report provides opinions on meteorological facts, there is no showing made that Mandich is qualified to render such opinions. Accordingly, his testimony is excluded.

In conclusion and considering the foregoing, **IT IS ORDERED** that

(1) the Motion to Exclude Testimony of Steve Vietti (Rec. Doc. 88) is **GRANTED** to the extent that Vietti will not be allowed to testify as to causation, but merely as a fact witness;

(2) the Motion to Exclude Plaintiffs' Tax Returns (Rec. Doc. 89) is **REFERRED TO TRIAL**; and

(3) the Motion to Exclude John Cordero and Ivan Mandich (Rec. Doc. 92) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

New Orleans, Louisiana, this 11th day of June, 2009.

_____
**KURT D. ENGELHARDT
United States District Judge**